AO 440 (Rev. 10/9:)

ORIGINAL-WHITE   DUPLICATE-YELLOW   TRIPLICATE-PINK

RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

E 642731

JOSE REFU(
and on behalf

RECEIVED FROM  Helen Dalton
08 CV 1718 (JSR)

SE

S M.E. HOLE
and SALVAT

| Fund | |
|---|---|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| | General and Special Funds |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086900 | Filing Fees |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U S Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |
| 613300 | Unclaimed Monies |
| 510000 | Civil Filing Fee (½) |
| 510100 | Registry Fee |

YOU

**18**

OFF

and address)

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn

DATE: _____ 20__   | Cash | Check | M O | Credit |

DEPUTY CLERK: MQ

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_Marcos Quintero_
(BY) DEPUTY CLERK

FEB 21 2008

DATE

**Helen F. Dalton & Associates, PC**
Helen F. Dalton (HD 3231)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

JOSE REFUGIO CARRERA on his own behalf and
on behalf of others similarly situated,

        Plaintiffs,

    -against-

S.M.E. HOLDING CORP., d.b.a KEY FOOD,
and SALVATORE BONAVITA, an individual,

        Defendants.
_____/

JUDGE RAKOFF

**08 CV 1718**

**COMPLAINT**

**JURY TRIAL DEMANDED**



FEB 21 2008
U.S.D.C. S.D.N.Y.
CASHIERS

1. Plaintiff, Jose Refugio Carrera, (hereinafter referred to as "Plaintiff"), by his attorneys Helen F. Dalton & Associates, PC, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, Jose Refugio Carrera, through undersigned counsel, brings this action against S.M.E. HOLDING CORP., d.b.a KEY FOOD and SALVATORE BONAVITA individually (collectively, "Defendants") to recover damages for egregious violations of federal and state overtime laws arising out of Plaintiffs employment at S.M.E. HOLDING CORP., d.b.a KEY FOOD in Bronx, New York.

3. Plaintiff Jose Refugio Carrera was employed by Defendants to work as a Sales Associate, from April 1st, 2003 until his employment was terminated on May 31st, 2006. Although, Plaintiff worked approximately sixty-six (66) hours to

seventy-seven (77) hours or more per week during his employment, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. Although Plaintiff worked ten (10) hours or more per day, Defendants did not pay Plaintiffs spread of hours, one hour of minimum wage for each day they worked more than ten (10) hours, a blatant violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.4

5. As a result of these violations of federal and state labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

10. Plaintiff, Jose Refugio Carrera, resides at 2032 Cross Bronx Expway Bronx, NY 10472 Bronx County, New York and was employed by Defendants at S.M.E. HOLDING CORP. d.b.a KEY FOOD, located at 751 Lydig Ave, Bronx, NY 10462 from about April 1st, 2003 until May 31st, 2006.

11. Upon information and belief, Defendant S.M.E. HOLDING CORP. d.b.a KEY FOOD, is a corporation organized under the laws of New York with a principal executive office at 2618 Halpern Ave, Bronx NY 10461.

12. Upon information and belief, SALVATORE BONAITA, owns and/or operates a company that does business under the name "S.M.E. HOLDING CORP d.b.a KEY FOOD.," at 751 Lydig Ave, Bronx, NY 10462.

13. Upon information and belief, Defendant SALVATORE BONAITA is the Chairman of the Board of S.M.E. HOLDING CORP d.b.a KEY FOOD.

14. Upon information and belief, Defendant SALVATORE BONAITA is the Chief Executive Officer of S.M.E. HOLDING CORP d.b.a KEY FOOD.

15. Upon information and belief, Defendant SALVATORE BONAITA is an agent of S.M.E. HOLDING CORP d.b.a KEY FOOD.

16. Upon information and belief, Defendant SALVATORE BONAITA has power over personnel decisions.

17. Upon information and belief, Defendant SALVATORE BONAITA has power over payroll decisions.

18. Defendant SALVATORE BONAITA has the power to hire and fire employees at S.M.E. HOLDING CORP. d.b.a KEY FOOD, establish and pay their wages, set their work schedule, and maintain their employment records.

19. During relevant times, Defendant SALVATORE BONAITA was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

20. Upon information and belief, S.M.E. HOLDING CORP. d.b.a KEY FOOD, is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that both entities (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

21. Plaintiff Jose Refugio Carrera was employed by Defendants at S.M.E. HOLDING CORP. d.b.a KEY FOOD, in Bronx, New York between approximately Aril 1st, 2003 until May 31st, 2006.

22. During his employment by Defendants at S.M.E. HOLDING CORP. d.b.a KEY FOOD, Plaintiff Jose Refugio Carrera primary duties were repacking shelves, pricing products, cleaning, working as an overnight security guard and performing other miscellaneous duties as directed by supervisors and managers.

23. During his employment by Defendants at S.M.E. HOLDING CORP. d.b.a KEY FOOD, Plaintiff Jose Refugio Carrera did not have any authority to hire or fire employees.

24. Defendants created a work schedule, requiring Plaintiff to work well more than forty hours (40) per week.

25. In fact, the schedule created by Defendants required Plaintiff to work approximately sixty-six (66) hours to seventy- seven (77) hours or more per week.

26. At all relevant times, both federal and state law have required Defendants to pay Plaintiff overtime wages at a wage rate of (1.5) times their regular rate for hours worked in excess of forty (40) hours per week.

27. During many or all weeks in which Plaintiff was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

28. Defendants did not pay Plaintiff for his services and labor at a rate that is one and a half (1.5) times the regular wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

29. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at S.M.E. HOLDING CORP. d.b.a KEY FOOD, Inc., as required by both NYLL and the FLSA.

30. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day they worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

31. Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiffs every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

33. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. §216(b).

34. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

35. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

36. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of (1.5) times the regular wage, the rate of pay to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. § 207(a)(1).

37. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

38. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §§216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

39. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

40. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

41. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of (1.5) times the regular wage, the rate to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

42. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one-quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

43. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs

44. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day they worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.4.

45. Due to Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour's compensation, reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 663(1).

## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs s rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs spread of hours compensation;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and postjudgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorney's fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 5th day of February 2008

*Helen Dalton* (signature)
Helen F. Dalton, Esq. (HD 3231)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S.M.E. HOLDING CORP.,
and SALVATORE BONAVITA, an individual,

        Plaintiffs,

-against-

S.M.E. HOLDING CORP. d.b.a KEY FOOD,
and SALVATORE BONAVITA, an individual,

        Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

To:

**S.M.E. HOLDING CORP d.b.a KEY FOOD.**
2618 HALPERN AVE
BRONX, NEW YORK, 10461

**S.M.E. HOLDING CORP d.b.a KEY FOOD.**
3050 WESTCHESTER AVE
BRONX, NEW YORK, 10461

**S.M.E. HOLDING CORP d.b.a KEY FOOD.**
751 Lydig Ave,
Bronx, NY 10462

**SALVATORE BONAVITA**
2618 HALPERN AVE
BRONX, NEW YORK, 10461